SUCCESSOR OF SCHLÜTER & Co., Plaintiff and Appellee, *v.* RAFAEL HERNÁNDEZ ET AL., Defendants and Appellants.

No. 3937. Argued November 17, 1926.—Decided December 13, 1926.

*González Fagundo & González* for the appellants. *Antonio L. López* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

In this case it was alleged in the complaint that the plaintiff is a mercantile concern domiciled in San Juan, the only member of which is Ernesto Fernando Schlüter, and that defendants Ramón González, Rafael Hernández and José R. Hernández signed a note payable to the order of Successor of Schlüter & Co., for $1,102.89 which fell due on the 15th of September, 1924. The note is copied into the complaint and at the foot thereof appears the following:

"In case of default we bind ourselves to execute a first mortgage

in favor of Successor of Schlüter & Co. on said property for the whole amount of this promissory note which shall bear interest at the rate of one per cent monthly from the date of its maturity.''

All of the defendants rely on that paragraph of the promissory note as a ground for the contention that the obligation is not actionable if they are willing to execute a mortgage pursuant to the agreement by which they secured the principal obligation. That clause, however, is only a right or option granted by the debtors to the creditor to demand security for his credit in case of default in payments.

Appellant José R. Hernández pleads also that as the mercantile partnership is composed, as alleged in the complaint, of Ernesto Fernando Schlüter alone, there is no such partnership, and that therefore facts must be stated to show how the note was acquired by him.

The complaint is certainly defective. It seems to be alleged that Successor of Schlüter & Co. is a mercantile concern, but it is immediately set forth that it is composed solely of Ernesto Fernando Schlüter and of course there is no such partnership. However, the demurrer to the complaint on this ground, alleging that there was no cause of action, was not well pleaded. He should have alleged want of legal capacity in the plaintiff to sue, or ambiguity in the wording of the complaint. But no exceptions on this ground were pleaded in the court below, and as they are not privileged, we shall consider them as waived. It appears also that these defects of the complaint were remedied by the evidence introduced at the trial. No objection was taken to the documentary evidence which shows that there existed formerly the partnership of Schlüter & Co., Ltd., and that Ernesto Fernando Schlüter bought out his sole silent partner in the partnership and thus became the sole owner of everything belonging to the mercantile concern.

As a result of this transaction Ernesto Fernando Schlüter registered in the Mercantile Registry his individual name

as trading under the firm name of Successor of Schlüter & Co. We are in doubt as to the legality of the form of that registration. The name of Successor of Schlüter & Co. can not be considered as a firm or as having legal effects as a juridical entity; but as a question of fact that name represents only a trade name descriptive of the commercial establishment of Ernesto Fernando Schlüter, as if it were his individual name, in order to show the connection between himself and the good will of the business in which he is engaged, and in this connection and under the circumstances of the present suit it means that the real suitor is Ernesto Fernando Schlüter personally, who is the sole owner of the promissory note. See 30 Cyc. 402.

In any case it appears besides that the defendants are estopped from pleading that Successor of Schlüter & Co. is not Ernesto Fernando Schlüter in person. The jurisprudence in the case of *Houston Packing Co.* v. *Pagán López & Co.*, 20 P.R.R. 234, is for the same reason justly and logically applicable to this case where it was held that a party contracting with a corporation is estopped from denying its existence in an action arising from the contract.

The judgment appealed from will be modified so as to hold that the payment of the obligation signed in favor of Successor of Schlüter & Co. must be made to Ernesto Fernando Schlüter in person as owner thereof.

Mr. Justice Hutchison took no part in the decision of this case.